CC-7

1   Peter R. Afrasiabi (Bar No. 193336)
    E-mail: pafrasiabi@onellp.com
2   John Tehranian (Bar No. 211061)
    E-mail: jtehranian@onellp.com
3   Nima Kamali *(Bar No. and C.D. Cal.*
    *Admission Pending)*
4   E-mail: nkamali@onellp.com
    **ONE LLP**
5   4000 MacArthur Boulevard
    East Tower, Suite 500
6   Newport Beach, California 92660
    Telephone:    (949) 502-2870
7   Facsimile:    (949) 258-5081

8
9   Attorneys for Plaintiff,
    Sid Avery and Associates, doing business as mptv

10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13

14   SID AVERY AND ASSOCIATES, a          Case No.:  CV13-9276 JAK (ASx)
     California corporation, d/b/a mptv,
15
                                          **COMPLAINT FOR COPYRIGHT**
16              Plaintiff,                **INFRINGEMENT**

17         v.                             **DEMAND FOR JURY TRIAL**

18
     REJECT MEDIA, LLC, an Ohio limited
19   liability company, d/b/a
     FILMSCHOOLREJECTS.COM; and
20   DOES 1 through 10, inclusive,

21
                Defendants.
22

23

24

25

26

27

28

                            **COMPLAINT**

Plaintiff Sid Avery and Associates, d/b/a mptv ("Plaintiff" or "mptv"), by and through its attorneys of record, complains against Reject Media, LLC, d/b/a Filmschoolrejects.com ("Reject Media") and DOES 1 through 10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3.      Plaintiff mptv is a California corporation with its principal place of business at 16735 Saticoy St., Suite 109, Van Nuys, California 91406.  Plaintiff is the owner of the copyright to the photograph at issue herein.

4.      Plaintiff is informed and believes and, upon such, alleges that Defendant Reject Media is an Ohio limited liability company with headquarters in Austin, Texas and a business presence in Los Angeles, California, New York, New York, Chicago, Illinois, San Francisco, California, Western Europe, and the United Kingdom.  Reject Media is doing business under the names "Film School Rejects" and "Filmschoolrejects.com" as the sole owner and operator of the Internet website located at http://filmschoolrejects.com.  On that website, Reject Media presents itself as follows: "This site is owned and operated by Reject Media LLC.  All original content is the intellectual property of the individual authors, all other content, text and graphical is the intellectual property of Reject Media LLC."

/ / /

5.     DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

**A.     *The Photo at Issue in This Dispute***

6.     The late renowned photographer Sid Avery was the founder of mptv, a company whose collection of works includes roughly one million celebrity and entertainment related images taken by more than sixty photographers from around the world.  Mr. Avery played a fundamental role in transforming the art of photography during the Golden Age of Hollywood.  He gained fame for his uncanny ability to snap some of the most unique, beautiful, and desirable candid shots of Hollywood's biggest stars.  Thanks to Avery's vision, mptv offers one of the largest and continually expanding collections of entertainment photography in the world, spanning from Hollywood's Golden Age to the present.  Sid Avery and Associates, doing business as mptv, holds the copyright to the photo at issue.

7.     Released in 1960, *Ocean's 11* is perhaps the most famous heist film of all time.  It is certainly no surprise that the film remains immensely popular to this day, given that it boasts a star-studded cast including the likes of Frank Sinatra, Dean Martin, Sammy Davis, Jr., Peter Lawford, Joey Bishop, and Angie Dickinson.  The film tells the story of a group of World War II veterans who Sinatra's character and Lawford's character recruit to rob five Las Vegas casinos in a single night.   As a widely recognized photographer, Avery was fortunate enough to be on the set of the film as it was shot, and he took dozens of timeless, behind-the-scenes photographs as a result.

/ / /

8.     Included in Avery's collection is the captivating photograph at issue in this matter ("the Photo"), which depicts twelve debonair gentlemen—including Sinatra, Martin, Davis, Jr., Lawford, and Bishop—standing around a table and collectively gazing away from Avery's camera.  Avery is the author of the Photo and it was registered with the United States Copyright Office on October 15, 1976.  The Photo is attached hereto as **Exhibit A**.

**B.**     *The Defendants and their Infringement*

9.     Plaintiff is informed and believes and, upon such, alleges that, under the names "Film School Rejects" and "Filmschoolrejects.com," Defendant Reject Media owns and operates a commercial website located at http://filmschoolrejects.com ("the Website") that purports to provide "the ultimate commentary track on the world of entertainment and hold an open forum where passionate film fans can come and speak their minds and be heard."

10.     Reject Media makes its worldwide popularity no secret, stating on the Website that "Film School Rejects is a leading online magazine featuring reviews, interviews, industry news and feature commentary that reaches over 2.5 million visitors per month from over 200 countries around the world."  Reject Media also touts the various awards it has been honored with and shares that the Website "has been featured and quoted in numerous publications, including *The New York Times*, *CNN*, *The Los Angeles Time*, *Mashable* and more."

11.     Despite the fact that, according to the Website, Reject Media has "a strong commitment to ethical journalism and raising the quality of reporting in the film blogosphere," Defendants have—on information and belief—violated federal law by willfully infringing Plaintiff's copyright on two separate occasions.

12.     First, Defendants reproduced, distributed, and publicly displayed the Photo on the Website in a May 9, 2008 article entitled "Ten Movies You Need to See Before Going to Vegas."  This author of this article is Mr. Kevin Carr, named on the Website as a "Featured Contributor."  Defendants prominently displayed the Photo in Mr. Carr's article

without permission, consent, or license from Plaintiff, the rights holder to the Photo.

13.   On March 1, 2009, Defendants again reproduced, distributed, and publicly displayed the Photo on the Website, this time in an article entitled "Ripping Off Vegas is Easy in 'Ocean's Eleven.'"  Unfortunately for Defendants, the characters in *Ocean's 11* are not the only ones guilty of "ripping off" here.  The author of the article is Mr. Scott Beggs, named on the Website as "Managing Editor."  Defendants prominently displayed the Photo in Mr. Beggs's article without permission, consent, or license from Plaintiff, the rights holder to the Photo.

14.   In the marketplace, celebrity photographs—especially those from Hollywood's Golden Age, such as the Photo in this case—carry tremendous monetary value.  Mr. Avery gained fame as the man responsible for capturing candid images of Hollywood's biggest stars, offering an otherwise absent look into celebrities' lives when the cameras were off.  Plaintiff licenses its photographs to those desiring to use these coveted glimpses into celebrities' behind-the-scenes lives, but not without reasonable payment for the use thereof.  For each of the photos listed on Plaintiff's website, Plaintiff offers license instructions and prominently notes that material by a select few photographers—including, of course, Sid Avery—carries a premium licensing rate, given its particularly high desirability and corresponding market value.  The exclusivity of the Photo gave it substantial monetary value for its author and owner in 1960, and the Photo is likely even more valuable today.  However, Defendants' actions irreparably harmed that value.

15.   On information and belief, Defendants have driven massive traffic to the Website in large part due to the presence of highly sought-after and searched-for images of some of Hollywood's biggest-*ever* celebrities and the film industry's most famous heist film of all time.  This traffic translates into Defendants' significant ill-gotten commercial advantage and revenue generation derived directly from their infringing actions.

16.   At the end of the day, it appears that Defendants took a bit too much inspiration from Danny Ocean from *Ocean's 11*, only without the charm and panache.

**COMPLAINT**

They heisted Plaintiff's intellectual property without payment or permission and thought that such brazen disrespect for the law would have no consequences.  Thankfully, in real life—unlike the movies—that is not the case.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

17.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 16 above, as though fully set forth herein.

18.    Plaintiff is the owner of the copyright to the Photo, which substantially consists of material wholly original with Plaintiff and which constitutes copyright subject matter under the laws of the United States.  Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.  The Photo has been timely registered with the United States Copyright Office.  Attached hereto as **Exhibit B** is a true and correct copy of the Photo's original registration certificate.

19.    Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, on information and belief, will again infringe Plaintiff's copyright by reproducing, displaying, distributing, and utilizing Plaintiff's copyrighted photograph for purposes of trade in violation of 17 U.S.C. § 501 *et seq*.  Attached hereto as **Exhibit C** are copies of Defendants' acts of infringement.

20.    Defendants have willfully infringed, and unless enjoined, on information and belief, will again infringe Plaintiff's copyright by knowingly reproducing, displaying, distributing, and utilizing Plaintiff's copyrighted photograph for purposes of trade.

21.    These acts of infringement are willful because*, inter alia*, Defendants are sophisticated and have full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.  Defendant Reject Media's nature as a self-proclaimed leader in film-industry reporting strongly suggests fluency in an industry that features perhaps more copyright issues than any other.   Having expressed a strong commitment and devotion to "ethical journalism," and knowing better than perhaps anyone else the immense value of the Photo,

Reject Media knew very well that its actions constituted infringement.

22. The willfulness of Defendants' infringement is also evidenced by their continued infringement in the face of Plaintiff's repeated infringement notices. Plaintiff initially sent two notification e-mails to Mr. Neil Miller, Founder and Publisher of Film School Rejects, to which Mr. Miller neither said nor did anything in response. When Plaintiff sent a third and final notification e-mail to Mr. Miller—now one month after Mr. Miller first received notice of infringement—Defendants finally removed the Photo from the Website. Mr. Miller then proceeded to release the following statement via his Twitter account: "Currently being extorted by @mptvimages. Anyone have experience with this?" As of the date of this complaint, the statement remains visible and available to the public on the Internet. Whether Defendants' delay in removing the Photo resulted from mere laziness or a belief that Plaintiff's notices need not be taken seriously, one thing is certain: Defendants were on notice of infringement, continued to infringe, and thus committed willful copyright infringement.

23. Defendants, despite such copyright notice and terms of use, reproduced, publicly distributed, and publicly displayed the Photo on the Website.

24. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Photo for purposes of trade, including increasing the traffic to the Website and, thus, increasing the advertising fees realized.

25. The actions of Defendants were performed without Plaintiff's permission, license, or consent.

26. The wrongful acts of Defendants have caused great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Plaintiff will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrighted works.

27.    As a result of the acts of Defendants alleged herein, Plaintiff has suffered substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

28.    Because of the brazenly willful nature of the copyright infringement, Plaintiff is entitled to an award of statutory damages equal to $150,000 per act of infringement.

29.    Alternatively, at Plaintiff's discretion, Plaintiff is entitled to actual damages in an amount to be proven at trial.

30.    Plaintiff is also entitled to attorney's fees in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.    that Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's rights in Plaintiff's copyrighted works;

2.    that Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c), and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

3.    for an accounting for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyright pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

**COMPLAINT**

4.      for an order requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reason of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5.      for actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

6.      for reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7.      for costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b); and

8.      for any such other and further relief as the Court may deem just and appropriate.

Dated:  December 17, 2013               **ONE LLP**

                                        By:_____
                                            Peter R. Afrasiabi
                                            John Tehranian
                                            Nima Kamali
                                            Attorneys for Plaintiff, Sid Avery and
                                            Associates, d/b/a mptv

## DEMAND FOR JURY TRIAL

Plaintiff mptv hereby demands trial by jury of all issues so triable under the law.

Dated:  December 17, 2013

**ONE LLP**

By: _____
   Peter R. Afrasiabi
   John Tehranian
   Nima Kamali
   Attorneys for Plaintiff, Sid Avery and
   Associates, d/b/a mptv

9
**COMPLAINT**

# EXHIBIT A



# EXHIBIT B

Page 3

# Certificate
# Registration of a Claim to Copyright
## in a photograph

FORM J

REGISTRATION NO.

Ju̅ 14776   CLASS

DO NOT WRITE HERE   J

**This Is To Certify** that the statements set forth on this certificate have been made a part of the records of the Copyright Office. In witness whereof the seal of the Copyright Office is hereto affixed.

*Barbara Ringer*

*Register of Copyrights*
*United States of America*



NOT VALID WITHOUT
COPYRIGHT OFFICE
IMPRESSION SEAL

**1. Copyright Claimant(s) and Address(es):**

Name _____ Sid Avery _____

Address _____ 820 North LaBrea Avenue _____

Name _____ Los Angeles, Ca. 90038 _____

Address _____

**2. Title of Photograph:** _____ Collection #6: //TOTAL PRINTS, INCL. 1 Bob Newhart, 2 HANCON2EID, 1 TRAIN,
(Title of photograph as it appears on the copies)

2 JOE E. BROWN, 1 CAST OF "OCEANS ELEVEN", 1 BUSTER KEATON, 2 HUMPHREY BOGART,
1 PHOTO OF MEXICAN BRACEROS.

**3. Author:**

Name _____ Sid Avery _____ Citizenship _____ U S A _____
(Name of country)

Domiciled in U.S.A. Yes X_ No ____ Address _____ 820 North LaBrea Ave., L. A. 90038 _____

**4. (a) Date of Publication:**

_____
(Month)        (Day)        (Year)

**(b) Place of Publication:**

_____
(Name of country)

**5. Previous Registration or Publication:**

Was work previously registered? Yes _____ No _____ Date of registration _____ Registration number _____

Was work previously published? Yes _____ No _____ Date of publication _____ Registration number _____

Is there any substantial **NEW MATTER** in this version? Yes _____ No _____ If your answer is "Yes," give a brief general statement of the nature of the **NEW MATTER** in this version.

_____

_____

*Complete all applicable spaces on next page*

EXAMINER

15 OCT 316

10051 OCT 15 16

Case 2:13-cv-09276-JAK-AS   Document 1   Filed 12/17/13   Page 15 of 29   Page ID #:23

**6. Deposit account:**

---

**7. Send correspondence to:**

Name ____Sid Avery_____ Address 820 N. LaBrea Ave., L. A. 90038

**8. Send certificate to:**

(Type or print name and address)

Name Sid Avery

Address 820 N. LaBrea Ave
(Number and street)

Los Angeles, Ca. 90038
(City)            (State)            (ZIP code)

## Information concerning copyright in photographs

*When to Use Form J.* Form J is appropriate for unpublished and published photographs.

*What Is a "Photograph"?* This category (Class J) includes photographic prints and filmstrips, slides films, and individual slides.

*—Reproductions.* Reproductions of photographs prepared by photolithography and other mechanical processes are generally regarded as "prints" rather than "photographs" and, when published, should be submitted for registration on Form K.

*—Contributions to Periodicals.* When a photograph is first published with a separate copyright notice in a magazine or newspaper, it is regarded as a "contribution to a periodical," registrable on Form BB.

*Duration of Copyright.* Statutory copyright begins on the date the work was first published, or, if the work was registered for copyright in unpublished form, copyright begins on the date of registration. In either case, copyright lasts for 28 years, and may be renewed for a second 28-year term.

## Unpublished photographs

*How to Register a Claim.* To obtain copyright registration, mail to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, one complete copy of the photograph, an application on Form J, properly completed and signed, and a fee of $6. Deposits are not returned, so do not send your only copy.

*Procedure to Follow if Work Is Later Published.* If the photograph is later reproduced in copies and published, it is necessary to make a second registration, following the procedure outlined below. To maintain copyright protection, all copies of the published edition must contain a copyright notice in the required form and position.

## Published photographs

*What Is "Publication"?* Publication, generally, means the sale, placing on sale, or public distribution of copies. Unrestricted public exhibition of a photograph may also constitute publication.

*How to Secure Copyright in a Published Photograph:*

1. *Produce copies with copyright notice.*
2. *Publish the work.*
3. *Register the copyright claim,* following the instructions on page 1 of this form.

*The Copyright Notice.* In order to secure copyright protection in a published work, it is important that all copies contain the statutory copyright notice. The notice should appear on the photograph itself, or, if the work is a collection of photographs in book form, on the title page or verso thereof. It should ordinarily consist of the word "Copyright," the abbreviation "Copr.," or the symbol

©, accompanied by the name of the copyright owner. The year date of publication may be included in the notice, but normally it is not required unless the work could also be regarded as a "book."

*—Alternative Form of Notice.* As an alternative, the notice for photographs may consist of the symbol ©, accompanied by the initials, monogram, mark, or symbol of the copyright owner, provided the owner's name appears on some accessible part of the copies.

*—Universal Copyright Convention Notice.* Use of the symbol © with the name of the copyright owner and the year date of publication may result in securing copyright in countries which are parties to the Universal Copyright Convention. Example: © John Doe 1975.

NOTE: If copies are published without the required notice, the right to secure copyright is lost and cannot be restored.

---

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| **Application received** OCT. 15 1976 | |
| **One copy received** 15 OCT 1976 | |
| **Two copies received** | |
| **Fee received** 10051 OCT 15 76 | |

Page 1

# Application
## for Registration of a Claim to Copyright
### in a photograph

**FORM J**

REGISTRATION NO.

DO NOT WRITE HERE
JFO    JF    JP    JU

CLASS

**J**

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be **SIGNED** at line 9. For published works the application should not be submitted until after the date of publication given in line 4 (a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, together with:

(a) If unpublished, one complete copy of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). For published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited. If initials are used in the notice, the name should be the same as appears elsewhere on the copies.

Name ...... Sid Avery

Address ...... 820 North La Brea Avenue

Name ...... Los Angeles, Ca. 90038

Address ......

**2. Title of Photograph:** Collection #6: *"PRINTS TOTAL, INCLU.: 1 Bob Newhart, 2 HANS CONRIED, 1 TRAIN, 2 JOE E. Brown, 1 CAST of "OCEANS ELEVEN", 1 Buster Keaton, 2 HUMPHREY Bogart, 1 photo of MEXICAN BRACEROS"*
(Give the title as it appears on the copies; each copy deposited should bear an identifying title, which may be descriptive)

**3. Author:** Citizenship and domicile information must be given. Where a work was made for hire, the employer is the author. The citizenship of organizations formed under U.S. Federal or State law should be stated as U.S.A.

If the copyright claim is based on new matter (see line 5) give information about the author of the new matter.

Name ...... Sid Avery ...... Citizenship ...... U S A
(Name of country)

Domiciled in U.S.A. Yes __X__ No ____ Address ...... 820 N. LaBrea Ave., L. A. 90038

➤➤➤ NOTE: | Leave all spaces of line 4 blank unless your work has been **PUBLISHED**. | ◄◄◄

**4. (a) Date of Publication:** Give the complete date when copies of this particular photograph were first placed on sale, sold, or publicly distributed. The date when the photograph was made or the date when copies were reproduced should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

------ (Month) ------ (Day) ------ (Year) ------

**(b) Place of Publication:** Give the name of the country in which this particular photograph was first published.

------

➤➤➤ NOTE: | Leave all spaces of line 5 blank unless the instructions below apply to your work. | ◄◄◄

**5. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or if a substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes _____ No _____ Date of registration _____ Registration number _____

Was work previously published? Yes _____ No _____ Date of publication _____ Registration number _____

Is there any substantial **NEW MATTER** in this version? Yes ...... No ...... If your answer is "Yes," give a brief general statement of the nature of the **NEW MATTER** in this version. (New matter may consist of compilation, abridgment, editorial revision, and the like, as well as additional pictorial material.)

------

EXAMINER

*Complete all applicable spaces on next page*

If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account:

**7. Name and address of person or organization to whom correspondence or refund, if any, should be sent:**

Name  Sid Avery, 820 N. LaBrea  Address  Los Angeles, Ca. 90038

**8. Send certificate to:**

(Type or print name and address)

Name  Sid Avery

Address  820 North LaBrea Avenue
(Number and street)

Los Angeles, Ca. 90038
(City)          (State)          (ZIP code)

## 9. Certification:

(Application not acceptable unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request:

Class A    Form A—Published book manufactured in the United States of America.

Class A or B    Form A–B Foreign—Book or periodical manufactured outside the United States of America (except works subject to the ad interim provisions of the copyright law).
Form A–B Ad Interim—Book or periodical in the English language manufactured and first published outside the United States of America.

Class B    Form B—Periodical manufactured in the United States of America.
Form BB—Contribution to a periodical manufactured in the United States of America.

Class C    Form C—Lecture or similar production prepared for oral delivery.

Class D    Form D—Dramatic or dramatico-musical composition.

Class E    Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America.
Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America.

Class F    Form F—Map.

Class G    Form G—Work of art or a model or design for a work of art.

Class H    Form H—Reproduction of a work of art.

Class I    Form I—Drawing or plastic work of a scientific or technical character.

Class J    Form J—Photograph.

Class K    Form K—Print or pictorial illustration.
Form KK—Print or label used for an article of merchandise.

Class L or M    Form L–M—Motion picture.

Class N    Form N—Sound recording.

•    Form R—Renewal copyright.

•    Form U—Notice of use of copyrighted music on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| Application received | |
| One copy received | |
| Two copies received | |
| Fee received | |
| Renewal | |

U. S. GOVERNMENT PRINTING OFFICE : 1976 O – 212-563     Nov. 1975—25,000     *Page 2*

# Certificate

FORM J

# Registration of a Claim to Copyright

## in a photograph





**This Is To Certify** that the statements set forth on this certificate have been made a part of the records of the Copyright Office. In witness whereof the seal of the Copyright Office is hereto affixed.

*Register of Copyrights*
*United States of America*

**1. Copyright Claimant(s) and Address(es):**

Name ____ Sid Avery

Address ____ 820 North LaBrea Avenue

Name ____ Los Angeles, Ca. 90038

Address ____

**2. Title of Photograph:** Collection #6: //TOTAL PRINTS, INCL.: 1 Bob Newhart, 2 HANCONREID, 1 TRAIN,
(Title of photograph as it appears on the copies)

2 JOE E. BROWN, 1 CAST OF "OCEANS ELEVEN", 1 BUSTER KEATON, 2 HUMPHREY BOGART,
1 PHOTO OF MEXICAN BRACEROS.

**3. Author:**

Name ____ Sid Avery ____ Citizenship ____ U S A
(Name of country)

Domiciled in U.S.A. Yes X_ No ____ Address ____ 820 North LaBrea Ave., L. A. 90038

**4. (a) Date of Publication:**

____ (Month) ____ (Day) ____ (Year)

**(b) Place of Publication:**

____ (Name of country)

**5. Previous Registration or Publication:**

Was work previously registered? Yes ____ No ____ Date of registration ____ Registration number ____
Was work previously published? Yes ____ No ____ Date of publication ____ Registration number ____
Is there any substantial **NEW MATTER** in this version? Yes ____ No ____ If your answer is "Yes," give a brief general statement of the nature of the **NEW MATTER** in this version.

____

____

EXAMINER

*Complete all applicable spaces on next page*

6. Deposit account:

7. Send correspondence to:

Name Sid Avery    Address 820 N. LaBrea Ave., L. A. 90038

8. Send certificate to:

(Type or print name and address)

Name Sid Avery

Address 820 N. LaBrea Ave
(Number and street)

Los Angeles, Ca. 90038
(City)    (State)    (ZIP code)

## Information concerning copyright in photographs

*When to Use Form J.* Form J is appropriate for unpublished and published photographs.

*What Is a "Photograph"?* This category (Class J) includes photographic prints and filmstrips, slide films, and individual slides.

—*Reproductions.* Reproductions of photographs prepared by photolithography and other mechanical processes are generally regarded as "prints" rather than "photographs" and, when published, should be submitted for registration on Form K.

—*Contributions to Periodicals.* When a photograph is first published with a separate copyright notice in a magazine or newspaper, it is regarded as a "contribution to a periodical," registrable on Form BB.

*Duration of Copyright.* Statutory copyright begins on the date the work was first published, or, if the work was registered for copyright in unpublished form, copyright begins on the date of registration. In either case, copyright lasts for 28 years, and may be renewed for a second 28-year term.

## Unpublished photographs

*How to Register a Claim.* To obtain copyright registration, mail to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, one complete copy of the photograph, an application on Form J, properly completed and signed, and a fee of $6. Deposits are not returned, so do not send your only copy.

*Procedure to Follow if Work Is Later Published.* If the photograph is later reproduced in copies and published, it is necessary to make a second registration, following the procedure outlined below. To maintain copyright protection, all copies of the published edition must contain a copyright notice in the required form and position.

## Published photographs

*What Is "Publication"?* Publication, generally, means the sale, placing on sale, or public distribution of copies. Unrestricted public exhibition of a photograph may also constitute publication.

*How to Secure Copyright in a Published Photograph:*

1. *Produce copies with copyright notice.*
2. *Publish the work.*
3. *Register the copyright claim,* following the instructions on page 1 of this form.

*The Copyright Notice.* In order to secure copyright protection in a published work, it is important that all copies contain the statutory copyright notice. The notice should appear on the photograph itself, or, if the work is a collection of photographs in book form, on the title page or verso thereof. It should ordinarily consist of the word "Copyright," the abbreviation "Copr.," or the symbol

©, accompanied by the name of the copyright owner. The year date of publication may be included in the notice, but normally it is not required unless the work could also be regarded as a "book."

—*Alternative Form of Notice.* As an alternative, the notice for photographs may consist of the symbol ©, accompanied by the initials, monogram, mark, or symbol of the copyright owner, provided the owner's name appears on some accessible part of the copies.

—*Universal Copyright Convention Notice.* Use of the symbol © with the name of the copyright owner and the year date of publication may result in securing copyright in countries which are parties to the Universal Copyright Convention. Example: © John Doe 1975.

NOTE: If copies are published without the required notice, the right to secure copyright is lost and cannot be restored.

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| Application received | |
| One copy received | |
| Two copies received | |
| Fee received | |

U. S. GOVERNMENT PRINTING OFFICE : 1976 O – 212-563

Nov. 1975—25,000

Page 4

# EXHIBIT C



## 7. Ocean's Eleven

The original, mind you, not the remake. Not that there's anything wrong with the remake, but with #8 already on the list, we can't put Clooney & Co. on twice. This one is for the history. The original *Ocean's Eleven* is a fun reminder of what Vegas was like in the old days when the Rat Pack rules the down and Sinatra was the Chairman of the Board.







# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ John A. Kronstadt _____ and the assigned Magistrate Judge is _____ Alka Sagar _____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV9276 JAK ASx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 17, 2013

By  J.Prado

Date

Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)      NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

ORIGINAL

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

CENTRAL District of CALIFORNIA

| | |
|---|---|
| SID AVERY AND ASSOCIATES, a California corporation, d/b/a mptv, | ) ) ) |
| _____ | ) ) |
| *Plaintiff(s)* | ) |
| v. | ) ) |
| REJECT MEDIA, LLC, an Ohio limited liability company, d/b/a FILMSCHOOLREJECTS.COM; and DOES 1 through 10, inclusive, | ) ) ) ) |
| _____ | ) ) |
| *Defendant(s)* | ) |

**CV13-9276 JAK (ASx)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Peter Afrasiabi, John Tehranian, and Nima Kamali
ONE LLP
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: DEC 17 2013  _____

_____
*Signature of Clerk or Deputy Clerk*

AO-440

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

SID AVERY AND ASSOCIATES, a California corporation, d/b/a mptv.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

REJECT MEDIA, LLC, an Ohio limited liability company, d/b/a
FILMSCHOOLREJECTS.COM; and DOES 1 through 10, inclusive,

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are
representing yourself, provide the same information.
ONE LLP
4000 MACARTHUR BLVD., EAST TOWER, STE. 500
NEWPORT BEACH, CA 92660
(949) 502-2870

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are
representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COPYRIGHT INFRINGEMENT UNDER THE U.S. COPYRIGHT ACT, 17 U.S.C. §§ 101 ET SEQ.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV13-9276

**FOR OFFICE USE ONLY:** Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **Question A: Was this case removed from state court?**<br><br>☐ Yes ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| **Question B: Is the United States, or one of its agencies or employees, a party to this action?**<br><br>☐ Yes ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| **Question C: Location of plaintiffs, defendants, and claims?** (Make only one selection per row) | **A.**<br>Los Angeles County | **B.**<br>Ventura, Santa Barbara, or San Luis Obispo Counties | **C.**<br>Orange County | **D.**<br>Riverside or San Bernardino Counties | **E.**<br>Outside the Central District of California | **F.**<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **C.1. Is either of the following true? If so, check the one that applies:**<br><br>☐ 2 or more answers in Column C<br><br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | **C.2. Is either of the following true? If so, check the one that applies:**<br><br>☐ 2 or more answers in Column D<br><br>☐ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |
|---|---|
| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. | |

| **Question D: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?     ☒ NO     ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in **this court** that are related to the present case?     ☒ NO     ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)     ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**     Nima Kamali     DATE: December 17, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |